UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PARAS PREET SINGH (A-246-805-385),

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

No. 1:26-cv-7348 TLN CSK

FINDINGS & RECOMMENDATIONS

Petitioner Paras Preet Singh (A-246-805-385), a citizen and native of India, filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends that respondents' motion to dismiss be granted and this action be dismissed.

## I. FACTUAL BACKGROUND

Petitioner is a national and citizen of India. (ECF No. 7 at 9.) On or around May 5, 2023, petitioner entered the United States without inspection and was detained by U.S. Customs and Border Protection. (Id. at 10.) The Form I-213 states that petitioner was issued a Notice to Appear. (Id.) The Notice to Appear is not included with the motion to dismiss. Petitioner was

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

subsequently released on an Order of Release and Recognizance. (Id.) Respondents assert the following criminal history for petitioner: (1) on August 15, 2024, petitioner was convicted of violating California Penal Code § 136.1(c)(1) (intimidation of witness by force or threat of force) and California Penal Code § 459 (second degree burglary); and (2) on December 22, 2025, petitioner was arrested for violating California Penal Code § 487 (attempted grand theft).[2] (Id. at 2, 18-19.) The attempted grand theft charge appears to be pending. (See id. at 18-19.) The Form I-213 identifies arrests occurring on July 22, 2026. (Id. at 11.) On July 22, 2026, petitioner was arrested for violating California Penal Code § 459 (first degree burglary), California Penal Code § 136.1(c)(1) (intimidation of witness by force or threat of force) and California Penal Code § 148(a)(1) (obstruction of a peace officer). (Id. at 20.) It appears that these charges are pending.[3] (Id.)

On or around July 24, 2026, custody of petitioner was transferred from the San Joaquin County Sheriff's Department to ICE. (Id. at 10.) The Form I-213 states that petitioner's current administrative charges are for violating Immigration and Nationality Act ("INA") section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General. (Id.)

## II. PROCEDURAL BACKGROUND

On September 11, 2026, petitioner filed the petition for writ of habeas corpus. (ECF No. 1.) On September 15, 2026, the district judge referred this matter to the assigned magistrate judge and ordered that respondents shall not remove or transfer petitioner out of this district while his petition is pending. (ECF No. 4.) On September 23, 2026, respondents filed a motion to dismiss. (ECF No. 7.) On October 13, 2026, petitioner filed a traverse/opposition. (ECF No. 9.) Briefing is now complete.

---

[2] In the motion to dismiss, respondents incorrectly describe petitioner as having been arrested for grand theft rather than attempted grand theft. (See ECF No. 7 at 2.)

[3] In the petition, petitioner states that he was set to be released by the judge presiding on his local criminal case but was instead detained by U.S Immigration and Customs Enforcement ("ICE"). (ECF No. 1 at 3.) Petitioner does not state that the charges stemming from his July 22, 2026 arrest were dismissed. (Id.)

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## IV. DISCUSSION

Petitioner raises the following claims: (1) petitioner's conditional parole was improperly revoked in violation of 8 U.S.C. § 1226(a) (claim one); (2) violation of the Fifth Amendment Due Process Clause and the INA (claims two and three); and (3) warrantless arrest (claim four). (ECF No. 1 at 3-8.) Respondents contend that petitioner is detained pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c)(1)(E). (ECF No. 7 at 2-5.) Respondents further argue that petitioner's detention does not violate the Fifth Amendment Due Process Clause. (Id. at 5-6.)

///

### A. Statutory Claims

In claims one and two, petitioner argues that he is detained pursuant to 8 U.S.C. § 1226(a) and that his conditional parole under this section was not properly revoked and that he was denied pre-deprivation process. (ECF No. 1 at 3-6.) Respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E). (ECF No. 7 at 2-5.)

Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States …therefore is not statutorily entitled to a bond hearing." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2008). In January 2025, the Laken Riley Act was enacted, adding 8 U.S.C. § 1226(c)(1)(E), which mandates detention for a noncitizen who meets two requirements: (i) the noncitizen is inadmissible under 8 U.S.C. §§ 1182(a)(6)(A), 1182(a)(6)(C), or 1182(a)(7); and (ii) the noncitizen "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E).

Respondents argue that that the first requirement is met because petitioner was charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). (ECF No. 7 at 2.) Respondents argue that the second requirement is met based on petitioner's December 2025 arrest for attempted grand theft.[4] (Id.) Respondents also argue that petitioner can challenge his mandatory detention under Matter of Joseph, 22 I. & N. Dec. 799 (BIA 1999), in a "Joseph Hearing." (Id. at 4-5.) Respondent argues that at a Joseph hearing, petitioner can demonstrate that he is not convicted of a predicate crime, or that the government is otherwise substantially unlikely to establish that he is not in fact subject to mandatory detention.[5] (Id. at 4.) Respondent contends that this Court should find that

---

[4] Petitioner's August 15, 2024 convictions do not subject petitioner to mandatory detention under the Laken Riley Act as they occurred prior to the enactment of this statute. See Singh v. Noem, 2026 WL 523216, at *2 (E.D. Cal. Feb. 24, 2026), findings and recommendations adopted, 2026 WL 1506799 (E.D. Cal. May 29, 2026) (finding that "the use of the present tense in [§ 1226(c)(1)(E)] further suggests that it was not meant to be applied to charges, arrests, or convictions that occurred prior to enactment of the statute.").

[5] The Supreme Court has explained that: "This 'Joseph hearing' is immediately provided to a

petitioner failed to exhaust his administrative remedies by failing to seek a Joseph hearing in immigration court. (Id. at 4-5.) Petitioner does not address exhaustion. (See ECF Nos. 1, 9.)

The Court first addresses whether 8 U.S.C. § 1226(c)(1)(E) applies, and then addresses exhaustion. Respondents do not address whether detention under § 1226(c)(1)(E) can be based on an attempted offense, such as attempted grand theft. See Rueda Torres v. Francis, 2025 WL 3168759, at *6 (S.D.N.Y. Nov. 12, 2025) (finding that 8 U.S.C. § 1226(c) does not mandate detention for attempted offenses, i.e., attempted petit larceny and attempted criminal possession of stolen property). Petitioner's July 2026 arrest for California Penal Code § 459 for first degree burglary, however, clearly implicates the statutory language of section 1226(c)(1)(E). See Cal. Penal Code § 459; Singh v. Andrews, 2026 WL 2428037, at *2 (E.D. Cal. Aug. 19, 2026) ("Petitioner's pending charge under California Penal Code §§ 459, 460(b) for second-degree burglary clearly implicates the statutory language of section 1226(c)(1)(E)."). The Court therefore concludes, for the purposes of this habeas petition, that petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(E) based on his July 2026 arrest for California Penal Code § 459 first degree burglary.

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in

---

detainee who claims that he is not covered by § 1226(c). At the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." Demore v. Kim, 538 U.S. 510, 514 n.3 (2003).

court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

Under the circumstances of this case, this Court finds that petitioner should not be excused from exhausting administrative remedies. See Buckley v. Chestnut, 2026 WL 1030931, at *2-4 (E.D. Cal. Apr. 16, 2026) (court declined to waive the prudential exhaustion requirements because petitioner's appeal of his Matter of Jospeh hearing was pending). At a Joseph hearing, petitioner "may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." See Demore, 538 U.S. at 514 n.3 (citing 8 C.F.R. § 3.19(h)(2)(ii)). The Joseph hearing process enables petitioner to challenge his mandatory detention under § 1226(c), and the immigration court has the expertise necessary to develop the record and reach a proper decision. Relaxing the exhaustion requirement under these circumstances would encourage others to bypass the administrative exhaustion process. Finally, in this case administrative review is likely to allow the agency to correct its own mistakes and thus avoid the need for judicial review.

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). Petitioner has provided no argument as to why exhaustion should be

excused under the circumstances of his case. (See ECF Nos. 1, 9.) Therefore, this Court finds that petitioner's statutory claims raised in claims one and two should be dismissed without prejudice based on petitioner's failure to exhaust administrative remedies.

**B. Due Process Claims**

In claim two, petitioner argues that he was denied pre-deprivation process in violation of the Fifth Amendment Due Process Clause. (ECF No. 1 at 4-6.) In claim three, petitioner also appears to raise a Fifth Amendment Due Process Clause claim based on denial of pre-deprivation process. (Id. at 6.) As discussed above, respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(E). (ECF No. 7 at 2.) Respondents also argue that petitioner can challenge his mandatory detention at a Joseph hearing. (Id. at 3-4.)

For purposes of these findings and recommendations, this Court finds that petitioner is subject to mandatory detention under 8 U.S.C.§ 1226(c)(1)(E) based on petitioner's July 22, 2026 arrest for burglary. See Singh, 2026 WL 2428037, at *2. For the reasons discussed above in the section addressing petitioner's statutory claims, this Court finds that petitioner's due process claims raised in claims two and three should be dismissed without prejudice based on petitioner's failure to exhaust administrative remedies.

**C. Warrantless Arrest**

In claim four, petitioner argues that he was arrested on July 24, 2026 without a warrant.[6] (ECF No. 1 at 6-8.) Respondents do not address this claim. (See ECF No. 7.)

Petitioner's argument that he was arrested without a warrant is premised on his claim that he is detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 1 at 6-7.) Section 1226(a) authorizes arrest and detention of a noncitizen pending a decision on removal and grants the government broad discretion to continue detention or release the noncitizen on bond or conditional parole. 8 U.S.C. § 226(a); Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). Section 1226(a) provides, "[o]n a warrant issued by the Attorney General, an [noncitizen] may be arrested

---

[6] The Form I-213 states that on or about May 5, 2023, petitioner was served with an I-200 arrest warrant. (ECF No. 7 at 10.) The arrest warrant issued on or about May 5, 2023 does not apply to petitioner's July 2026 arrest and detention by ICE.

and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). In contrast, 8 U.S.C. § 1226(c)(1) provides that, "[t]he Attorney General shall take into custody any [noncitizen]…" The plain text of section 1226(a) provides for an arrest following issuance of a warrant, whereas the plain text of section 1226(c) does not. For purposes of these findings and recommendations, this Court finds that petitioner is detained pursuant to section 1226(c)(1)(E) based on his July 2026 arrest for first degree burglary. For this reason, petitioner's alleged warrantless arrest by ICE was not a statutory violation and this claim should be denied.

## V. NEW CLAIM RAISED IN TRAVERSE/OPPOSITION

In the traverse/opposition, petitioner raises a new claim: violation of the Accardi Doctrine. (ECF No. 9 at 1-4.) The Court recommends that this new claim be denied as improperly raised in petitioner's traverse. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (a traverse is not the proper pleading to raise additional grounds for relief).

## VI. CONCLUSION

In summary, the Court recommends that respondents' motion to dismiss be granted and that petitioner's claim based on a warrantless arrest and petitioner's new claim raised in the traverse/opposition, be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss (ECF No. 7) be GRANTED.
2. Petitioner's statutory and due process claims (ECF No. 1) be DISMISSED.
3. Petitioner's claim based on a warrantless arrest (ECF No. 1) and the new claim raised in the traverse/opposition (ECF No. 9 at 1-4) be DENIED.
4. The Clerk of the Court be directed to enter judgment in favor of Respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 29, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Sing7348.157.imm.den/2